

# THE ATTORNEY GENERAL
# OF TEXAS

GROVER SELLERS
~~WILL WILSON~~
**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

*Superseded by Art 29d V.C.S.*

Honorable Reagan S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Sir:

Opinion No. 0-6580
Re: Authority of Commissioners' Court
of Gregg County, Texas, under facts
stated, to increase salaries of
certain county officers.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Prior to 1940 census, Gregg County
had a population of 15,115. After the
Salary Bill was passed, the Commissioners'
Court, under provision of that law, set the
salaries of the Tax Assessor-Collector, County
Clerk, District Attorney, District Clerk and
Sheriff at $4,250. per annum.

"In 1940, the census showed the county to
have a population of 58,000 and since that time
the salaries of said officers have been paid in
accordance with section 13, 3912E at $4,250.

"Gregg County, according to the last preceding tax valuation, had an assessed valuation of
$103,000.000. The last portion of the first
paragraph of section 13, article 3912E provides
. . . "and provided that in counties having a
population of thirty-seven thousand five hurdred
(37,500) and less than sixty thousand (60,000)
according to the last preceding Federal Census,
and having an assessed valuation in excess of
Twenty Million (20,000,000.00) Dollars, according to the last preceding approved tax roll of
such county, the maximum amount allowed such officers as salaries, may be increased on (1%) per
cent for each One Million ($1,000,000.00) Dollars
valuation or fractional part thereof, in excess of
said Twenty Million ($20,000,000.00) Dollars val-

uation over and above the maximum amount allowed
such officer under laws existing on August 24, 1935."

"Since Gregg County is within the population
bracket and has $83,000,000.00 more than the mini-
mum of $20,000,000.00 set out in said law, please
advise.

"Question:  Has the Commissioners' Court
of Gregg County authority to raise the salaries
of said officers from $4,250.00 to $5,100.00 per
annum under and by virtue of section 13, article
3912E above cited."

Article 3912e, Section 13, Vernon's Annotated Texas
Civil Statutes, reads in part as follows:

"The Commissioners' Court in counties
having a population of twenty thousand (20,000)
inhabitants or more, and less than one hundred
and ninety thousand (190,000) inhabitants ac-
cording to the last preceding Federal Census,
is hereby authorized and it shall be its duty
to fix the salaries of all the following named
officers, towit: sheriff, assessor and collector
of taxes, county judge, county attorney, includ-
ing criminal district attorneys and county at-
torneys who perform the duties of district at-
torneys, district clerk, county clerk, treasurer,
hide and animal inspector.  Each of said officers
shall be paid in money an annual salary in twelve
(12) equal installments of not less than the
total sum earned as compensation by him in his
official capacity for the fiscal year 1935, and
not more than the maximum amount allowed such
officer under laws existing on August 24, 1935.
. . . and provided that in counties having a pop-
ulation of thirty-seven thousand five hundred
(37,500) and less than sixty thousand (60,000)
according to the last preceding Federal Census,
and having an assessed valuation in excess of
Twenty Million ($20,000,000.00) Dollars, accord-
ing to the last preceding approved tax roll of
such county, the maximum amount allowed such
officers as salaries, may be increased one (1%)
per cent for each One Million ($1,000,000.00)
Dollars valuation or fractional part thereof,
in excess of said Twenty Million ($20,000,000.00)
Dollars valuation over and above the maximum
amount allowed such officer under laws existing

on August 24, 1935."

Opinion No. 0-2582 of this department held, among other things, that the change in population of Travis County, Texas, had no effect upon the salaries of the officers named in Section 13 of Article 3912e, V.A.C.S. and that the 1930 Federal Census (and not the 1940 Federal Census) was applicable in determining the "maximum amount allowed such officer under laws existing on August 24, 1935." We enclose herewith a copy of Opinion No. 0-2582 for your information.

After the rendition of opinion No. 0-2582, the 47th Legislature of Texas, 1941, Regular Session, enacted H.B. 518, which applied to Travis and other counties coming within the population brackets of 100,00 to 190,000 inhabitants. We quote from said House Bill as follows:

"Be it enacted by the Legislature of the State of Texas:

"Section 1. The Commissioners Courts in all counties of Texas having a population of not less than one hundred thousand (100,000) and not more than one hundred and ninety thousand (190,000) inhabitants, according to the last preceding Federal Census, in fixing the annual salary that shall be paid an officer named in Section 13 of Chapter 465 of the Acts of the Second Called Session of the Forty-fourth Legislature, where such officer's salary is determined in compliance with the laws which existed on August 24, 1935, and is based upon population, shall compute and fix the salary of each of such officers at the maximum amount which could have been paid each of such officers under the laws existing on August 24, 1935, according to the Federal Census of 1940 and thereafter according to the last preceding Federal Census; provided the Commissioners Courts in said counties are authorized to amend the present order of said Court fixing the maximum salary of said officers for the fiscal year 1941 from and after the effective date of this Act for the balance of said fiscal year, according to the Federal Census of 1940, and thereafter according to the last preceding Federal Census.

"Sec. 2. The Legislature in the enactment of what is called the Officers' Salary Bill, being Chapter 465 of the Acts of the Second Called

Session of the Forty-fourth Legislature, in pro-
viding compensation for public officers on the
basis of salary instead of the fee basis as there-
tofore existed, in Section 13 thereof provided
'an annual salary in twelve (12) equal installments
of not less than the total sum earned as compen-
sation by him in his official capacity for the
fiscal year 1935, and not more than the maximum
amount allowed such officer under laws existing
on August 24, 1935'; and whereas, under the laws
existing on August 24, 1935, many officers'
salaries were fixed on the basis of population
according to the last preceding Federal Census
and the fact that by the recent publication of
the Federal Census for 1940 many county officers
by reason of the increase in population of their
counties, according to said Census, would be justly
and lawfully entitled to more compensation under
the law as it existed on August 24, 1935, but for
the fact that said Act has been construed to con-
fine said officers' salaries to the maximum allowed
them under said law, according to the population
as shown by the Federal Census of 1930, creates an
emergency and an imperative public necessity calling
for the suspension of the Constitutional Rule requir-
ing bills to be read on three several days in each House,
and the Rule is hereby suspended and this Act shall
take effect and be in force from and after its pass-
age, and it is so enacted."

The population of Gregg County, Texas, according to
the 1930 Federal Census was 15,788 inhabitants. Under laws
existing August 24, 1935, the maximum amount which county of-
ficers of Gregg County, Texas, could retain was the sum of
$3,000.00 per annum. See paragraph 2, Article 3891, Vernon's
Annotated Texas Civil Statutes.

Since the population of Gregg County, Texas, according
to the 1940 Federal Census was 58,027 inhabitants, the provi-
sions of Article 3912e, Sec. 13, V.A.C.S., supra, with refer-
ence to a 1% increase of salary for each million dollars val-
uation in excess of twenty million dollars will also apply
to Gregg County, Texas. Since there is 83 million dollars
valuation in excess of 20 million dollars valuation in Gregg
County, the county officials subject to the salary law could
be allowed, if the Commissioners' Court saw fit to allow same,
a salary increase of 83% on the sum of $3,000.00, which amounts
to the sum of $2,490.00. The sum of $2,490.00 plus the sum of
$3,000.00 makes the total sum of $5,490.00.

It is our opinion that the Commissioners' Court of Gregg County, Texas, is authorized to increase the salaries of the Tax Assessor-Collector, County Clerk, Criminal District Attorney, District Clerk and Sheriff to an amount not in excess of $5,490.00 per annum.

However, we wish to point out that where the annual salaries of county officials operating under the Officers' Salary Law have been set, same may not be increased or decreased during the year but may be increased or decreased the following year within the limitations prescribed by law. See Opinions Nos. 0-1595 and 0-4226 of this Department, copies of which are enclosed herewith for your information.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:BT:wc

APPROVED MAY 24, 1945
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/GWB Chairman